### DORSEY *v.* THE STATE.

FISH, C. J. 1. Where there was evidence tending to show confessions of guilt by the accused, it was not cause for a new trial that the judge failed, in the absence of a timely and proper written request, to instruct the jury as to the law on the subject of confessions. *Thomas* v. *State*, 150 *Ga.* 269, 271 (103 S. E. 244); *Jones* v. *State*, 150 *Ga.* 628 (104 S. E. 425).

2. A ground of a motion for new trial by one convicted of the offense of rape was to this effect: "The following evidence was allowed to go to the jury over objection of counsel for the defendant. 'Her dress was torn and in a bad fix too. It was right bloody. Showed it to me right there. She didn't show it to him. It was fresh, watery blood.' The clothes being in existence and at the home of the girl said to have been raped was the highest evidence. For this reason the court should have withdrawn this evidence from the jury, and error is hereby assigned on the ruling of the court in this respect." Among the reasons why this ground fails to present any question for decision is, it does not appear therefrom what, if any, objection was made to the evidence when it was admitted; nor is it stated that any motion was made by movant to have the evidence withdrawn from the consideration of the jury.

3. The verdict was authorized by the evidence, and the refusal of a new trial was not error. *Judgment affirmed. All the Justices concur.*

No. 2772. APRIL 14, 1922.

Indictment for rape. Before Judge J. B. Jones. White superior court. July 9, 1921.

*Underwood & Henderson, C. H. Edwards,* and *T. F. Underwood,* for plaintiff in error.

*George M. Napier, attorney-general, J. G. Collins, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.